**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5458

DWAIN E. MYERS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5818

DWAIN E. MYERS,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-94-15)

Argued: March 8, 1996

Decided: August 28, 1996

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Judge Wilkins and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Robert Cameron Stone, Jr., Martinsburg, West Virginia, for Appellant. Sherry L. Muncy, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee. **ON BRIEF:** Steven M. Askin, ASKIN & ASSOCIATES, Martinsburg, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

**OPINION**

WIDENER, Circuit Judge:

Defendant-appellant Dwain E. Myers appeals from his conviction of offering drug paraphernalia for sale and selling the same in violation of 21 U.S.C. § 863(a)(1). The only question on appeal is the district court's grant of a motion in limine prohibiting him from introducing evidence of a good faith defense to the charge. Myers owned a store in Martinsburg, West Virginia called The Headquarters. A search warrant executed January 12, 1994, revealed that some of his merchandise included onyx pipes and bongs which are defined as contraband drug paraphernalia by federal law. **1** Myers pleaded guilty after the district court granted the government's motion in limine, and now appeals. We affirm.

The effect of the grant of the motion in limine was that it prevented Myers from offering evidence that "he relied on the advice of others, including similarly situated businesses, as well as distributors, that the items he was selling at his business, `The Headquarters,' were not illegal." Brief, p. 6. The district court excluded this evidence as irrelevant based on the objective knowledge requirement announced by the

_____

**1** The Special Agent of the United States Customs Service that investigated Myers' establishment testified that he saw offered for sale bongs, small marijuana pipes made of metal and onyx, and small metal cocaine snorters. He purchased a small bong and small onyx marijuana pipe, items particularly mentioned in § 863(d)(1) and (d)(12).

2

Supreme Court in <u>Posters 'N' Things v. United States</u>, 62 U.S.L.W. 4354 (1994). Under this standard, while "the Government must establish that the defendant knew that the items are likely to be used with illegal drugs, it need not prove specific knowledge that the items are `drug paraphernalia' within the meaning of the statute." <u>Posters</u>, 62 U.S.L.W. at 4357.

Myers' argument is negated by <u>Posters</u>. There, the Supreme Court considered 21 U.S.C. § 857, which Congress repealed and replaced with 21 U.S.C. § 863. <u>Posters</u>, 62 U.S.L.W. at 4355 n.5. The two provisions are identical in all respects relevant to this appeal.[2] Section 863(a)(1) makes it unlawful for any person "to sell or offer for sale drug paraphernalia." Section 863(d) defines drug paraphernalia:

> The term "drug paraphernalia" means any equipment product or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance . . . . It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, or amphetamines into the human body . . . .

21 U.S.C. § 863(d). The section continues with a list of items Congress determined to be <u>per se</u> drug paraphernalia which includes bongs and stone pipes, items purchased from Myers' store. 21 U.S.C. § 863(d)(1) & (12); 62 U.S.L.W. at 4356. As the district court correctly recognized, the Supreme Court held that to prove a violation of § 863(a) "[i]t is sufficient that the defendant be aware that customers in general are likely to use the merchandise with drugs." 62 U.S.L.W. 4357. Thus, whether Myers believed he could legally sell drug paraphernalia is irrelevant and the motion in limine was properly granted.

_____

[2] Both sections contain an identical definition of drug paraphernalia. Section 863(a) eliminates "transportation in interstate or foreign commerce" as an element of the offense. <u>Posters</u> , 62 U.S.L.W. at 4355 & n.5 (comparing statutory text).

Finally, any argument is without merit that the use of the word "knowingly" in the indictment binds the government to prove that the defendant acted "with subjective knowledge of the criminal nature of his actions." Brief at 16. Whatever the reason for the inclusion of the word in the indictment, under Posters, the government must only prove that: "It is sufficient that the defendant be aware that customers in general are likely to use the merchandise with drugs." 62 U.S.L.W. at 4357.

The judgment of the district court is accordingly

AFFIRMED.

4